IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


MICHAEL HENDERSON,

    **Petitioner,**

  v.                                      **CASE NO. 2:08-CV-532**
                                                     **JUDGE HOLSCHUH**
                                                     **MAGISTRATE JUDGE KING**

MICHAEL SHEETS, Warden,

    **Respondent.**


**OPINION AND ORDER**

On October 26, 2009, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. Doc. No. 11. Respondent has filed a response. Doc. No. 12. For the reasons that follow, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED.**

Petitioner does not object to the Magistrate Judge's recommendation that claim three be dismissed as procedurally defaulted. Petitioner does object to the Magistrate Judge's recommendation of dismissal of claim four on the merits. In claim four, petitioner argues that his sentences on rape and kidnapping violated the double jeopardy clause. Petitioner contends that the Magistrate Judge improperly considered only whether the detention of the victim was prolonged. He again argues at length that his kidnapping and rape

convictions should have been merged for sentencing because he was convicted on two counts of rape, and the kidnapping was merely incidental to the rape. As noted by the Ohio Court of Appeals, testimony of the alleged victim indicated that petitioner restrained her for fifteen to twenty minutes before he began to rape her and because she was attempting to call 911 after petitioner hit her in the face. *See State v. Henderson*, 2005 WL 2303693 (Ohio App. 10th Dist. September 22, 2005); *State v. Henderson*, 2007 WL 259246 (Ohio App. 10th Dist. January 30, 2007). After completing the second act of rape, petitioner again restrained the victim by standing in front of the door and refusing to permit her to leave until, ultimately, she was able to escape. Therefore, and notwithstanding petitioner's arguments to the contrary, this Court is unable to conclude that the state appellate court's decision rejecting this claim warrants federal habeas corpus relief. *See* 28 U.S.C. 2254(d), (e); *Williams v. Taylor*, 529 U.S. 362 (2000).

Petitioner also objects to the Magistrate Judge's recommendation that claims one and two be dismissed on the merits. As to these claims, plaintiff again raises all of the same arguments that he previously presented.

Pursuant to 28 U.S.C. §636(b), this Court has conducted a *de novo* review of the *Report and Recommendation*, petitioner's objections and the entire record. After careful consideration of the entire record, and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED**.

The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED.**

The Clerk shall enter **FINAL JUDGMENT.**

Date: November 25, 2009                     **/s/ John D. Holschuh**
                                            JOHN D. HOLSCHUH
                                            United States District Judge