# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**MICHAEL HENDERSON,**

        **Petitioner,**

  v.                                **CASE NO. 2:08-CV-532**
                                      **JUDGE HOLSCHUH**
                                      **MAGISTRATE JUDGE KING**

**MICHAEL SHEETS, Warden,**

        **Respondent.**

## OPINION AND ORDER

This matter is before the Court on petitioner's April 29, 2010, notice of appeal, Doc. No. 15, which this Court construes as a motion to extend or reopen the time to file an appeal pursuant to Federal Rule of Civil Procedure 4(a)(5), (6). For the reasons that follow, petitioner's motion, Doc. No. 15, is **DENIED**.

The petition in this action, Doc. No. 1, was filed by counsel on petitioner's behalf. On November 25, 2009, final judgment was entered dismissing the petition, Doc. No. 14. On April 29, 2010, petitioner filed a "Notice of Appeal," indicating that he had not received timely notification of the final judgment of dismissal. *See* Doc. No. 15.[1] Attached to this filing is petitioner's affidavit in which he states in relevant part:

> On November 25, 2009, the District Judge issued an Opinion and Order dismissing the habeas petition.
>
> I was not notified until January 25, 2010, by [defense counsel]

---

[1] The Court also notes that petitioner has neither paid the $455.00 filing fee nor sought leave to proceed on appeal *in forma pauperis.*

> that my petition had been denied.
>
> I was never notified by the Court that my petition had been denied.
>
> I did not learn of my rights to request a certificate of appealability or to appeal to the United States Supreme Court until April 21, 2010.
>
> I am unschooled in the law, and now must conduct all my legal work pro se.

*Affidavit of Michael Henderson,* attached to *Notice of Appeal.*

Petitioner had thirty days from the date of final judgment in which to file a notice of appeal. Fed. R. App. Pro. 4(a)(1)(A). "A timely notice of appeal 'is both a mandatory and a jurisdictional prerequisite.'" *United States v. Perry*, 360 F.3d 519, 523 (6th Cir. 2004) (quoting *United States v. Christunas*, 126 F.3d 765, 767 (6th Cir. 1997)); *see also Intera Corp. v. Henderson III,* 428 F.3d 605, 611 (6th Cir. 2005); *Peake v. First Nat'l Bank & Trust*, 717 F.2d 1016, 1018 (6th Cir. 1983); *United States v. Means*, 133 F.3d 444, 448 (6th Cir. 1998). That date can be extended, but only where the request for an extension is made no more than thirty days after the time for filing the appeal has expired, and where the moving party shows "excusable neglect or good cause" for failing to file a timely appeal. Fed. R. App. Pro. 4(a)(5)(A). Because petitioner filed his motion for an extension of time to file an appeal more than five months after the time to file an appeal had expired, Rule 4(a)(5)(A) does not authorize this Court to extend the date for filing a notice of appeal under these circumstances.

Rule 4(a)(6) of the Federal Rules of Appellate Procedure permits this Court to reopen

for fourteen (14) days the time for filing a notice of appeal, but only if the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Petitioner cannot establish that he did not receive notice of the final judgment in this case within the meaning of Fed. R. Civ. P. 77(d). Under the rule, service of a final judgment is to be made in conformity with Fed. R. Civ. Pro. 5(b), which requires that "service ... be made on the attorney" for any party represented by an attorney. The docket indicates that the November 25, 2009, final judgment in this action was electronically served on petitioner's counsel on the date the judgment was filed. Thus, this Court lacks authority to reopen the time for filing a notice of appeal under Fed. R. App. Pro. 4(a)(6).

Therefore, petitioner's "Notice of Appeal," Doc. No. 15, which the Court receives as a request to extend or reopen the time to file an appeal, is **DENIED.**

**IT IS SO ORDERED**.

Date: May 12, 2010            **/s/ John D. Holschuh**
                                                     JOHN D. HOLSCHUH
                                                     United States District Judge